288 Sheva Realty Assoc. LLC, Petitioner-Landlord-Appellant, - 
against
Eudocia Arvelo, Respondent-Tenant-Respondent, - and - Loreno Lopez, Valentin Lopez, Respondents-Undertenants-Respondents.



Landlord appeals from an order of the Civil Court of the City of New York, Bronx County (Inez Hoyos, J.), dated July 8, 2015, which conditionally granted tenant's motion to, in effect, stay execution of the warrant of eviction in a holdover summary proceeding based upon chronic rent delinquency.




Per Curiam.
Order (Inez Hoyos, J.), dated July 8, 2015, reversed, without costs, and tenant's motion denied. Execution of the warrant shall be stayed for 30 days from the service of a copy of this order with notice of entry.
Tenant repeatedly failed to comply with the unambiguous "time of the essence" payment provision of the so-ordered stipulation executed in settlement of the underlying chronic rent delinquency holdover proceeding. "Strict enforcement of the parties' stipulation... is warranted based upon the principle that the parties to a civil dispute are free to chart their own litigation course" (Mill Rock Plaza Assoc. v Lively, 224 AD2d 301 [1996]). Given tenant's extensive history of rent defaults, which continued with regularity during the probationary term agreed to by the parties, a further (third) stay of execution of the warrant of eviction was unwarranted (see Henry Hudson Gardens, L.L.C. v Bareda, 25 AD3d 466 [2006]). In this particular case, none of the factors relied upon by Civil Court in granting tenant's third post-stipulation application for relief - be it the length of the tenancy or tenant's son's temporary unemployment - was sufficient to constitute "good cause" (RPAPL 749[3]) sufficient to warrant the requested relief (see 2460 Davidson Realty, LLP v Lopez, 43 Misc 3d 130[A], 2014 NY Slip Op 50574[U] [App Term, 1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 13, 2016